IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-HC-2081-FL

| | |
|---|---|
| STEVEN DIXON PRENTICE, )<br>)<br>Petitioner )<br>)<br>v. )<br>)<br>WARDEN NORVELL, )<br>)<br>Respondent. ) | ORDER |

Petitioner, a state inmate proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court on respondent's motion for summary judgment (DE 17), which was briefed fully.

## BACKGROUND

On April 2, 2001, petitioner pleaded guilty to federal child pornography charges in the United States District Court for the Middle District of North Carolina. United States v. Prentice, No. 1:01-CR-31-NCT-1 (M.D.N.C. Apr. 2, 2001). The Middle District of North Carolina sentenced petitioner to an aggregate term of 210 months' imprisonment and three years' supervised release. Id. (Aug. 7, 2001).

Following the federal conviction, petitioner was indicted on state charges related to sexual abuse of his three-year-old stepdaughter. State v. Prentice, 170 N.C. App. 593, 594–95 (2005) On October 28, 2003, a North Carolina jury convicted petitioner of first-degree rape, two counts of first-degree sexual offense, and taking indecent liberties with a minor. Id. That same day, the state trial court sentenced petitioner to 348 to 470 months' imprisonment, and ordered the state sentence to run concurrently with the remaining federal sentence. Id.; (see also Resp't Ex. 36 (DE

25-2)). Petitioner appealed, and the North Carolina Court of Appeals affirmed the judgment of conviction. Prentice, 170 N.C. App. at 594.

Petitioner has filed numerous post-conviction motions and habeas petitions challenging his state convictions and sentence. As pertinent here, petitioner filed his first federal petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on July 2, 2014. Prentice v. N.C. Att'y Gen., No. 1:14-CV-559-JAB-JEP (M.D.N.C. July 2, 2014). On April 12, 2016, the Middle District of North Carolina dismissed the petition with prejudice as untimely, and in part on the merits. Id. (Jan. 27, 2016 and Apr. 12, 2016).

On April 14, 2020, petitioner returned to state court and filed motion for appropriate relief ("MAR") seeking early release from custody based on COVID-19. (Pet'r's Mem. (DE 1-1) at 10).[1] On June 23, 2020, petitioner filed a new MAR challenging the state trial court's alleged failure to award him his "jail credits" for the time petitioner spent in federal custody awaiting his state trial. (Resp't App. Ex. 13 (DE 19-13)). The MAR court denied both of petitioner's motions. (Resp't App. Exs. 12, 14 (DE 19-12, 19-14)). The North Carolina Court of Appeals dismissed petitioner's petitions for writ of certiorari seeking appellate review of these decisions. (Resp't App. Exs. 16, 18 (DE 19-16, 19-18)).

On October 26, 2020, petitioner moved for leave to file second or successive habeas corpus petition in the United States Court of Appeals for the Fourth Circuit. In re Prentice, No. 20-464 (4th Cir. Oct. 26, 2020). By this motion, petitioner sought permission to file successive § 2254 petition challenging the MAR court's June 16 and July 9, 2020, orders denying his motions for

---

[1] Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

appropriate relief seeking early release and jail credits. See id. On November 17, 2020, the Fourth Circuit denied the motion as unnecessary. The court of appeals' order is set forth in full below:

> Steven Dixon Prentice has filed a motion pursuant to 28 U.S.C. § 2244(b) for authorization to file a second or successive 28 U.S.C. § 2254 petition in order to challenge the state court's denial of his motion for early release in light of COVID-19. Although we express no opinion on the merits of Prentice's claim, the § 2244 motion is futile because the relief Prentice seeks is not available by way of § 2254. Instead, the proper vehicle to seek such relief would be a 28 U.S.C. § 2241 petition filed in the district court. Such a petition does not require prefiling authorization. Accordingly, the court denies the § 2244 motion.

Order, In re Prentice, No. 20-464 (4th Cir. Nov. 17, 2020).

As directed by the court of appeals, petitioner filed the instant § 2241 petition in this court on March 31, 2021. Petitioner alleges two claims: 1) respondent has failed to protect him from infection with COVID-19 and otherwise subjected him to unconstitutional conditions of confinement, in violation of his rights under the Eighth Amendment to the United States Constitution; and 2) the MAR court erred by applying a state procedural bar to deny his motions for early release based on COVID-19 and for jail credits. As relief, petitioner seeks an order directing respondent to transfer him to home confinement, to award the appropriate amount of jail credit, or in the alternative to "remand" these issues to state court for reconsideration of his motions for appropriate relief.

Respondent filed the instant motion for summary judgment on February 9, 2022, supported by memorandum of law, statement of material facts, and appendix of exhibits comprising the following: 1) state court records from petitioner's trial and direct appeal; 2) records from petitioner's state and federal post-conviction proceedings, including the motions for early release and for jail credits; 3) records from a civil action filed in a North Carolina superior court captioned

3

NAACP v. Cooper, No. 20CVS500110 (Wake Cnty. Super. Ct.); and 4) petitioner's civil rights complaint and docket report from Prentice v. North Carolina, No. 5:20-CT-3150-D (E.D.N.C.). Petitioner responded in opposition, supported by responsive statement of material facts. Petitioner also filed two unauthorized surreplies, supported by his personal declaration, medical records, news article, and response to a Freedom of Information Act request.

**COURT'S DISCUSSION**

A. Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must then affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B. Analysis

    1. Jail Credits Claim

The court begins with petitioner's challenge to the calculation of his prior custody or "jail" credits. Petitioner argues the state trial court should have awarded him credit for approximately three years he spent in federal custody prior to his state sentencing, and that the MAR court erred by applying a procedural bar to deny review of this claim on the merits.

4

Pursuant to § 2241, a federal court may issue a writ of habeas corpus to an inmate if he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3); In re Wright, 826 F.3d 774, 778 (4th Cir. 2016).[2] Similarly, 28 U.S.C. § 2254 provides that district courts shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution, or laws or treaties of the United States. 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA"), however, imposes restrictions on state inmates seeking federal habeas corpus relief, including limitations on second or successive petitions. Id. § 2254(b)(1); 28 U.S.C. § 2244(b). The statute thereby operates as a "limitation on § 2241," restricting the authority of district courts to provide federal habeas relief to state prisoners pursuant to § 2241. Wright, 826 F.3d at 781. As a result, state prisoners generally must pursue their habeas claims under § 2254 regardless of whether they challenge their underlying judgments of conviction or the state's execution thereof. Id. at 779.

Here, petitioner's challenge to the state court's decision denying jail credits is a challenge to the execution of his sentence that must be brought under 28 U.S.C. § 2254. See id. at 778–79 (concluding state inmate's habeas petition challenging denial of sentencing credits must be brought under § 2254). Petitioner argues that the Fourth Circuit's order directing him to file a § 2241 petition allows the court to review the merits of the claim. The court of appeals' order, however, does not address petitioner's jail credits claim, stating instead that petitioner "filed a motion . . . for authorization to file a second or successive 28 U.S.C. § 2254 petition in order to challenge the state court's denial of his motion for early release in light of COVID-19." Order, In re Prentice, No.

---

[2] Internal citations and quotation marks are omitted from all citations unless otherwise specified.

20-464 (4th Cir. Nov. 17, 2020). As to that specific claim, the court of appeals stated that the "proper vehicle" to seek relief is a § 2241 petition. See id. Because the order does not address the jail credits claim, the court is bound by the Fourth Circuit's published opinion in Wright and must consider this claim as arising under § 2254. See 826 F.3d at 778–79; Payne v. Taslimi, 998 F.3d 648, 654 (4th Cir. 2021) (discussing principle that district court must follow published precedent from the court of appeals)

As noted above, AEDPA places strict prefiling requirements on a state inmate's ability to pursue second or successive habeas petitions under 28 U.S.C. § 2254. 28 U.S.C. § 2244(b); Wright, 826 F.3d at 783. As a threshold requirement, the petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the [second or successive] application." 28 U.S.C. § 2244(b)(3)(A). The court of appeals may grant authorization only in extremely limited circumstances delineated in 28 U.S.C. § 2244(b)(2)(A)-(B). Absent authorization from the court of appeals, the district court is without jurisdiction to consider a second or successive § 2254 petition. See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

As set forth above, petitioner filed his first § 2254 petition on July 2, 2014. Prentice v. N.C. Att'y Gen., No. 1:14-CV-559-JAB-JEP (M.D.N.C. July 2, 2014). The Middle District of North Carolina dismissed the petition with prejudice on April 12, 2016. Id. (April. 12, 2016). Importantly, the jail credits claim could have been raised in the 2014 petition. (See Pet'r SOMF (DE 23) ¶ 36 (stating in sworn filing that petitioner presented his jail credits claim to the state courts in 2003, 2005, and 2011)). Because this claim was available to petitioner when he filed his first § 2254 petition, it qualifies for treatment as a second or successive claim that must meet

6

the prefiling requirements in 28 U.S.C. § 2244(b). See Wright, 826 F.3d at 783–84 (concluding similar claim was second or successive where it was "clearly available to [the petitioner] before he filed his first applications"). And where petitioner has not obtained prefiling authorization under 28 U.S.C. § 2244, this court lacks jurisdiction to consider the claim pursuant to § 2241. See id.; Winestock, 340 F.3d at 205.

In the alternative, and in the event the court has misjudged its jurisdiction to consider the claim, the court previews that it would deny this claim on the merits.[3] At the time of petitioner's state sentencing, the North Carolina statute providing for prior custody or "jail" credit provided as follows:

> The minimum and maximum term of a sentence shall be credited with and diminished by the total amount of time a defendant has spent, committed to or in confinement in any State or local correctional, mental or other institution as a result of the charge that culminated in the sentence. . . . Provided, however, the credit available herein shall not include any time that is credited on the term of a previously imposed sentence to which a defendant is subject.

N.C. Gen. Stat. § 15-196.1 (2003).[4]

Petitioner seeks credit for the time period January 11, 2001 to October 23, 2003, which covers the time he served in pretrial custody following his federal indictment, and the time served following his federal sentencing but before his state sentence was imposed. (See Pet'r Resp. (DE

---

[3] The court assumes without deciding that this claim is cognizable under § 2241 or § 2254.

[4] This statute was amended in 2015. See 2015 N.C. Sess. Laws, S.L. 2015-229 (S.B. 185). The court relies on the version applicable at the time of petitioner's 2003 sentencing. Petitioner's argument that the court should grant credits for time spent in custody arising out of "the incident from which the charge arose" is misplaced because that language was added in the 2015 amendments well after his convictions. See id. But even if the court were inclined to apply this language, petitioner is not entitled to prior custody credit in this instance because the time was credited to his federal sentence. See N.C. Gen. Stat. § 15-196.1 (current version of the statute providing that sentencing credit is not available for "any time that a defendant has spent in custody as a result of a pending charge while serving a sentence imposed for another offense").

7

22 at 7; see also Pet'r Surreply (DE 26) at 9). Petitioner, however, is not entitled to credit for this time because it was credited to the federal sentence. See N.C. Gen. Stat. § 15-196.1; see also 18 U.S.C. § 3585(b) (providing that a federal inmate receives sentencing credit for time in pretrial custody resulting from the offense for which the sentence was imposed provided the time is not credited to another sentence). The fact that the state court ordered its sentence to run concurrently to the federal sentence does not change this analysis. Petitioner's federal time was credited against the state sentence after he was sentenced in state court, in accordance with the state court's order for concurrent sentences. (See Resp't App. Ex. 1 (DE 19-1); Resp't App. Ex. 36 (DE 25-2)). The application of jail credits for time served prior to sentencing in state court, however, is distinct from the issue of whether the state and federal sentences run concurrently. See N.C. Gen. Stat. § 15-196.1; N.C. Gen. Stat. § 15A-1354. Because the period January 11, 2001 to October 23, 2003 was credited to the federal sentence, and petitioner's state sentence was imposed on October 23, 2003, the state court was not authorized to award jail credits for that time period. See N.C. Gen. Stat. § 15-196.1 (2003) ("[T]he credit available herein shall not include any time that is credited on the term of a previously imposed sentence to which a defendant is subject.").

Petitioner also notes that he was in physical state custody for his state trial and sentencing for a portion of the January 11, 2001 to October 23, 2003 time period. Petitioner's transfer to state custody pursuant to a writ of habeas corpus ad prosequendum, however, did not transfer his primary legal custody from federal to state jurisdiction. See United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998); State v. Prentice, 170 N.C. App. 593, 594–95 (2005) (stating petitioner was transferred to state custody pursuant to a writ of habeas corpus ad prosequendum on July 15, 2003). And because the federal government retained primary jurisdiction during the transfer

8

pursuant to the writ of habeas corpus, this time was creditable to the federal sentence. See Evans, 159 F.3d at 912; see also United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008). Petitioner also offers no evidence suggesting any portion of the time period January 11, 2001 to October 23, 2003 was not credited to the federal sentence. For the reasons set forth above, N.C. Gen. Stat. § 15-196.1 therefore precludes prior custody or "jail" credit for this time period.

2. COVID-19 and conditions of confinement claims

The court next turns to petitioner's claim that the MAR court erred by failing to grant his petition for early release or home confinement in light of the COVID-19 crisis. Contrary to respondent's arguments, this claim is not subject to dismissal as an unauthorized second or successive petition because the claim was not available to petitioner at the time he filed his first § 2254 petition. See Wright, 826 F.3d at 783–84. Where the claim is not second or successive, and in light of the Fourth Circuit's order directing petitioner to file the claim under § 2241, the court assumes without deciding that § 2241 is the proper procedural vehicle for this claim.[5]

The court therefore turns to the merits of petitioner's COVID-19 claims. The MAR court denied the claims for the following reasons:

> For any ground or issue not previously determined on the merits upon an appeal or prior motion for appropriate relief, the defendant was in a position to adequately raise the ground or issue underlying the present motion but did not do so. The

---

[5] The instant § 2241 petition arguably should be considered a "mixed" petition because it includes both a successive claim (the jail credits claim) and non-successive claims (the COVID-19 claims). See Winestock, 340 F.3d at 205. The Fourth Circuit has directed that when a habeas petition contains both successive and non-successive claims, the district court should treat the petition as "mixed" and afford the petitioner the option of seeking authorization from the court of appeals to pursue both the successive and non-successive claims in one habeas application, or deleting the successive claims and seeking relief in the district court solely for the non-successive claims. See 340 F.3d at 205–06. That principle does not appear to apply here, however, because petitioner is proceeding under § 2241 as to his claims based on COVID-19. As stated in the court of appeals' order, the restrictions on successive applications do not apply to § 2241 petitions. Order, In re Prentice, No. 20-464 (4th Cir. Nov. 17, 2020); see also 28 U.S.C. § 2244(b). Petitioner therefore may seek authorization from the Fourth Circuit to file a second or successive § 2254 application that addresses his jail credits claim while maintaining his § 2241 habeas petition in this court. The court expresses no opinion on whether the court of appeals would grant such authorization as to the jail credits claim.

9

> defendant has alleged no new evidence, recently discovered evidence, or other good cause that any new claims should be heard at this time. For any health related reason based on COVID-19 or the defendant's present health condition or any other grounds, as a matter of law and in the court's discretion, they do not warrant the relief requested. As such, the defendant's motion for appropriate relief filed here is procedurally barred pursuant to [N.C. Gen. Stat. § 15A-1419]. It is further denied substantively on the basis of any grounds not previously raised or able to be raised."

(Resp't App. Ex. 12 (DE 19-12)). The MAR court thus relied in part on N.C. Gen. Stat. § 15A-1419 to deny relief. In relevant part, § 15A-1419 provides that an MAR may be denied where "[u]pon a previous motion made pursuant to this Article, [or in a previous appeal], the defendant was in a position to adequately raise the ground or issue underlying the present motion but did not do so."

Petitioner argues that the state court misunderstood his claims and its authority to grant relief where the court allegedly applied § 15A-1419 to bar claims that could not have been raised in prior motions. (Pet'r Mem. (DE 1-1) at 24–27). Petitioner emphasizes that his claims premised on COVID-19 could not have been raised in his prior MARs and related post-conviction filings.

"[F]ederal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990); see also Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Petitioner's claims that the MAR court misunderstood its authority to grant him home confinement or early release, or otherwise failed to consider the claim as required by the MAR statute, present issues of state law that are not reviewable in this court. See Lewis, 497 U.S. at 780.

Petitioner argues that the Fourth Circuit's order denying his motion to file second or successive § 2254 petition authorizes this court to review the merits of the MAR court's determination notwithstanding that his challenge is based on state law issues. The court of appeals order does provide that § 2241 is the "proper vehicle to seek . . . relief" from the MAR court's order denying his motion for early release. Order, In re Prentice, No. 20-464 (4th Cir. Nov. 17, 2020). However, the fact that § 2241 provides a statutory "vehicle" by which to seek relief is distinct from the issue of whether petitioner's substantive challenges to the MAR court's decision state a cognizable claim for federal habeas relief. See Hicks v. Ferreyra, 965 F.3d 302, 310 (4th Cir. 2020) (explaining the existence of a cause of action is distinct from the court's subject matter jurisdiction to consider a claim); cf. Shinn v. Ramirez, 142 S. Ct. 1718, 1730 (2022) (discussing principle that district court's authority to grant federal habeas corpus relief to state inmates is "narrowly circumscribed" by the terms of the habeas statute). The court of appeals stated petitioner could challenge the MAR court's decision procedurally in federal court by way of § 2241, but it otherwise "express[ed] no opinion on the merits of [petitioner's] claim" Order, In re Prentice, No. 20-464 (4th Cir. Nov. 17, 2020). Petitioner's claims fail on the merits for the reasons explained above: he is seeking federal habeas relief for alleged errors of state law. See Lewis, 497 U.S. at 780.

Even assuming, however, that petitioner's claim is cognizable under § 2241, he cites to no provision of North Carolina law requiring that the MAR court grant him early release or home confinement, or establishing that he was eligible for such relief as a matter of state law. The provision that petitioner primarily relies on is N.C. Gen. Stat. § 15A-1420(e), but that statute requires consent of the state prosecutor for early release, which petitioner has not obtained. And

11

while petitioner repeatedly refers to orders from NAACP v. Cooper, No. 20CV500110 (Wake Cnty. Super. Ct.), in which a state court purportedly directed Department of Public Safety ("DPS") officials to grant early release or home confinement to certain inmates, he does not provide the underlying orders themselves showing that he would have been eligible. In contrast, respondent provides a state court filing suggesting petitioner is not eligible for consideration for early release under the protocols established in the NAACP litigation. (See Resp't App. Ex. 34 (DE 19-34) at 12, 33 (providing that sex offenders and offenders whose release dates are after 2022 are not eligible for consideration)).

More fundamentally, petitioner mischaracterizes the MAR court's denial of his claim. The MAR court did not rely solely on N.C. Gen. Stat. § 15A-1419 to deny petitioner's claims seeking home confinement or early release on the basis of COVID-19. Instead, as set forth above, the court denied relief "[f]or any health related reason based on COVID-19 or the defendant's present heath condition [because] as a matter of law and in the court's discretion, they do not warrant the relief requested." (Resp't App. Ex. 12 (DE 19-12)). The order further explains that that any "grounds not . . . able to be raised" – thus referring to claims not covered by N.C. Gen. Stat. 15A-1419 – were "denied substantively." (See id.). The MAR court's reliance on N.C. Gen. Stat. § 15A-1419 was addressed to petitioner's non-COVID claims that could have been raised in his prior motions. (See id.).

Petitioner offers no evidence establishing that the MAR court's substantive denial of relief – apart from its reliance on N.C. Gen. Stat. § 15A-1419 – was erroneous under state or federal law. Petitioner suggests that the MAR court's decision was racially motivated and inconsistent with

12

that same court's grant of relief in other cases.[6] But he provides no evidence supporting these assertions. Finally, the MAR court's decision to deny home confinement or early release does not standing alone establish that petitioner is being held in violation of federal law. See 28 U.S.C. § 2241; Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); Meachum v. Fano, 427 U.S. 215, 224–25 (1976) (discussing principle that inmates do not have a constitutionally protected interest in serving their sentences under a particular security classification or in a specific institution); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("Prisoners have no right under the Constitution to be held in either protective or minimum custody."). Petitioner therefore has not shown that the MAR court erred in denying his motion for early release.

Finally, the court turns to petitioner's argument that habeas relief is warranted where his conditions of confinement violate the Eighth Amendment's proscription on cruel and unusual punishments. This claim is brought as a standalone ground for relief separate from the claims that the MAR court erred by denying his motion for appropriate relief. (See Pet. (DE 1) ¶ 13). Petitioner primarily asserts that prison officials were deliberately indifferent to his risk of contracting COVID-19. He further argues that he has not received adequate medical care for various underlying health issues, and that the conditions of his particular correctional facility violate the Eighth Amendment.

The court previously has determined that conditions of confinement claims such as the foregoing are not cognizable in a § 2241 petition. See Hallinan v. Scarantino, 466 F. Supp. 3d

---

[6] To the extent petitioner argues that the decision violates his right to be free from cruel and unusual punishment under the Eighth Amendment, the court addresses that issue below.

13

587, 601–04 (E.D.N.C. 2020). As discussed in Hallinan, the Fourth Circuit has not addressed this issue in a published opinion. See also Farabee v. Clarke, 967 F.3d 380, 395 (4th Cir. 2020) (noting that the circuit courts of appeals are split on whether conditions of confinement claims are cognizable under § 2241 and that the Fourth Circuit has not yet addressed the issue). In the absence of Fourth Circuit precedent addressing the issue, the court adheres to its prior analysis, set forth below:

> Petitioners argue the court has jurisdiction over the § 2241 claims [challenging prison officials' response to the COVID-19 pandemic] because they are seeking release from confinement at FCC-Butner, which lies within the "essence" of habeas corpus. But the fact that petitioners seek release from custody cannot transform their claims into a cognizable habeas corpus action. Petitioners do not challenge the validity of their sentences or convictions, or the FBOP's administrative calculation of their release dates, which is the traditional "essence" of habeas corpus. See [Preiser v. Rodriguez, 411 U.S. 475, 484 (1973)]. It is the nature of the substantive legal claim itself and the pertinent factual allegations – in addition to the relief sought – that determines whether the claim challenges "the validity of confinement" and thus sounds in habeas corpus. Hill v. McDonough, 547 U.S. 573, 579-81, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006); see also Muhammad v. Close, 540 U.S. 749, 754-55, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004) (per curiam) (explaining the plaintiff's substantive legal claims and factual allegations "could not therefore be construed as seeking a judgment at odds with his conviction or with the State's calculation of time to be served" and therefore the plaintiff was not bringing a claim "on which habeas relief could [be] granted on any recognized theory"); Nelson v. Campbell, 541 U.S. 637, 644-46, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004) (analyzing factual theory of the claim to determine whether it sounded in habeas or § 1983). Petitioners' claims challenging unconstitutional conditions of confinement do not sound in traditional habeas corpus, even though they seek release from confinement.
>
> Petitioners also assert their claims are cognizable in a § 2241 petition because they are challenging the "fact" of their confinement, and no set of conditions can remedy the alleged constitutional violations. As noted, Preiser holds that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." 411 U.S. at 500, 93 S.Ct. 1827. But read in context and in light of subsequent precedent, the phrase "fact of physical imprisonment" refers to a challenge to the legality vel non of the petitioner's conviction or sentence. See id.

14

at 498-500, 93 S.Ct. 1827 (distinguishing between inmate "who is making a constitutional challenge to the conditions of prison life, but not to the fact or length of his custody"); see also Nelson, 541 U.S. at 643, 124 S.Ct. 2117 (explaining habeas is proper vehicle for challenging "the fact of [the inmate's] conviction or the duration of his sentence"); Muhammad, 540 U.S. at 754, 124 S.Ct. 1303.

Thus, although there "may ultimately be an area of limited substantive overlap between ... habeas corpus and § 1983," Lee v. Winston, 717 F.2d 888, 892 (4th Cir. 1983), petitioners have failed to establish that their paradigmatic conditions of confinement claims qualify for such special treatment and therefore are cognizable habeas claims. See [Nettles v. Grounds, 830 F.3d 922, 931–32 (9th Cir. 2016)] (discussing importance of distinguishing between core habeas petitions and suits challenging conditions of confinement); [Wilborn v. Mansukhani, 795 F. App'x 157, 163 (4th Cir. 2019)] (explaining "this case" presents no basis for deviating from the Fourth Circuit's prior holdings that conditions of confinement claims are not cognizable in habeas corpus proceedings).

Id.

The Supreme Court also recently emphasized the difference between habeas and civil rights suits under § 1983. In Nance v. Ward, the Court considered whether an Eighth Amendment claim challenging a method of execution should be brought as a habeas petition or a civil rights action under 42 U.S.C. § 1983, where the inmate's challenge, if successful, would require a state legislature to approve a new method of execution. 142 S. Ct. 2214 (2022). The Court explained that habeas relief is available "when an inmate, alleging a flaw in his conviction or sentence, seeks immediate or speedier release from prison." Id. at 2221. Relatedly, habeas is the appropriate remedy where the relief sought would "necessarily imply the invalidity of [the inmate's] conviction or sentence." Id. at 2222. "On the opposite end of the spectrum, the Court has held that a prison-conditions claim may be brought as a § 1983 suit [and] such a suit – for example, challenging the adequacy of a prison's medical care – does not go to the validity of a conviction or sentence, and thus falls outside habeas's core." Id.

15

As in Nance, petitioner's claims challenging his conditions of confinement do not challenge the legality of his conviction or sentence, or otherwise seek relief that would necessarily imply their invalidity. See id. at 2221–24; Hallinan, 466 F. Supp. 3d at 601–04. And even though petitioner seeks release from confinement and alleges that his sentence is being carried out in a manner that violates his Eighth Amendment rights, that does not transform his traditional conditions of confinement claim into a cognizable habeas petition. See Nance, 142 S. Ct. at 2224 (noting that inmate suit challenging overcrowding is a "classic prisoner § 1983 suit" because "[the suit] attacks not the validity of a conviction or sentence, but only a way of implementing the sentence"); Hallinan, 466 F. Supp. 3d at 601–04.

Petitioner's argument that Heck v. Humphrey, 512 U.S. 477, 480 (1994), would bar his COVID-19 claims if he attempted to pursue them in a § 1983 suit is without merit. While Heck does bar § 1983 suits where the relief requested would necessarily imply the invalidity of the conviction or sentence, see 512 U.S. at 487, this suit does not fall into that category for the reasons explained above. Furthermore, petitioner' argument that he cannot pursue § 1983 claims premised on COVID-19 issues because the defendants can assert immunity defenses is irrelevant. The issue of whether defendants may be able to assert immunity defenses does not determine whether petitioner's claims can be brought in a § 2241 petition. See Nance, 142 S. Ct. at 2221–24.

The Fourth Circuit's order also does not constitute a broad grant of authority for petitioner to pursue conditions of confinement claims in a § 2241 petition. As set forth above, the order provides only that § 2241 is the "proper vehicle" to pursue challenges to the "state court's denial of his motion for early release in light of COVID-19." Order, In re Prentice, No. 20-464 (4th Cir.

Nov. 17, 2020). The order does not address whether petitioner can assert standalone challenges to his conditions of confinement by way of § 2241. See also Farabee, 967 F.3d at 395 (noting issue of whether a habeas petitioner can challenge conditions of confinement has not been resolved in the Fourth Circuit).

Even assuming, however, that petitioner's COVID-19 claims present exceptional circumstances allowing resort to § 2241, the claims nevertheless fail on the merits. Petitioner argues that prison officials failed to provide adequate safeguards to protect him from COVID-19. As with any Eighth Amendment claim, a conditions of confinement claim has objective and subjective components. Porter v. Clarke, 923 F.3d 348, 355 (4th Cir. 2019). The subjective prong requires a petitioner to "demonstrate that prison officials acted with deliberate indifference." Porter, 923 F.3d at 361; Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016). "To prove deliberate indifference, [petitioner] must show that the official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." Porter, 923 F.3d at 361.

Petitioner has failed to offer record evidence establishing prison officials' deliberate indifference. For example, although he alleges the prison is overcrowded and that COVID-19 protocols are not consistently followed, he fails to provide evidence that officials responsible for his wellbeing knew about these issues and failed to intervene to protect him. See Wai Man Tom v. Hosp. Ventures LLC, 980 F.3d 1027, 1037 (4th Cir. 2020) ("[C]onclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion."); Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 960 (4th Cir. 1996) (explaining "unsubstantiated allegations and bald assertions" cannot defeat a motion for summary judgment); (See Pet'r SOMF (DE 23); Pet'r Aff. (DE 1-2)). Petitioner even acknowledges that DPS officials at his facility are

17

distributing the COVID-19 vaccine and working to discharge certain inmates, thereby suggesting officials have not been deliberately indifferent. (Pet'r Aff. (DE 1-2) at 9–10); see Farmer v. Brennan, 511 U.S. 825, 844 (1994) ("[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted."); Odom v. South Carolina Dep't of Corr., 349 F.3d 765, 770 (4th Cir. 2003) (same). Furthermore, the fact that petitioner contracted COVID-19 on two occasions does not standing alone establish deliberate indifference. See Farmer, 511 U.S. at 844; Hallinan, 466 F. Supp. 3d at 605–08.

Petitioner also argues that the state court's findings in NAACP v. Cooper support his claim that DPS officials were deliberately indifferent. The relevant state court order concluded that DPS generally had not taken sufficient measures to protect inmates from COVID-19. (See Resp't App'x Ex. 35 (DE 25-1) at 3–5). The order, however, acknowledges that some DPS facilities had greater compliance with protocols (and less infections) than others. (See id.). Accordingly, these findings do not establish that officials at petitioner's facility were deliberately indifferent.

As to petitioner's remaining claims challenging the conditions of his confinement and inadequate medical care, he must bring them in a § 1983 action for the reasons set forth above.[7] Section 1983 provides an adequate alternative remedy for petitioner where (if successful) he can obtain both monetary damages and injunctive relief directing prison officials to remedy constitutional violations. See Nance, 142 S. Ct. at 2224; Pearson v. Callahan, 555 U.S. 223, 242–43 (2009); cf. Timms v. Johns, 627 F.3d 525, 530–31 (4th Cir. 2010) (noting that "as a general rule, in the absence of exceptional circumstances where the need for the remedy afforded by the

---

[7] The court observes that petitioner has brought a § 1983 action in this district asserting many of the same medical claims alleged herein. See Prentice v. North Carolina, No. 5:20-CT-3150-D (E.D.N.C. filed Apr. 23, 2020).

18

writ of habeas corpus is apparent, courts require exhaustion of alternative remedies before a prisoner can seek federal habeas relief").

In sum, the court finds petitioner's conditions of confinement claims are not cognizable in the instant § 2241 petition. In the alternative, the claims challenging respondent's response to the COVID-19 pandemic fail on the merits. Petitioner's challenges to the MAR court's decision denying early release or home confinement are not cognizable in this § 2241 action, and otherwise fail on the merits. As to the claim for jail credits, the court lacks jurisdiction to consider this claim in the absence of an order from the Fourth Circuit allowing petitioner to file a second or successive § 2254 application. Alternatively, if the court has misjudged its jurisdiction, the jail credits claim fails on the merits.

## CONCLUSION

Based on the foregoing, respondent's motion for summary judgment (DE 17) is GRANTED. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 29th day of September, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge